| | |
|---|---|
| 1 | Stephen M. Doniger (SBN 179314) |
| 2 | stephen@donigerlawfirm.com |
|   | Trevor W. Barrett (SBN 287174) |
| 3 | tbarrett@donigerlawfirm.com |
|   | Kelsey Schultz (SBN 328159) |
| 4 | kschultz@donigerlawfirm.com |
| 5 | DONIGER / BURROUGHS |
|   | 603 Rose Avenue |
| 6 | Venice, California 90291 |
| 7 | Telephone: (310) 590-1820 |
|   | Attorneys for Plaintiff |
| 8 | |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DESIGN COLLECTION, INC., a California corporation, | Case No.: |
| Plaintiff, | PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT |
| vs. | Jury Trial Demanded |
| LNE, LLC, individually and d/b/a "TENSHOPPE," a California Limited Liability Company; EMORY PARK, INC., a California Corporation; and DOES 1-10, | |
| Defendant. | |

- 1 -

COMPLAINT

Design Collection, Inc., by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff DESIGN COLLECTION, INC is a corporation organized and existing under the laws of the State of California with its principal place of business in Los Angeles, California.

5. Plaintiff is informed and believes and thereon alleges that Defendant LNE, LLC, individually and d/b/a "TENSHOPPE" ("TENSHOPPE") is a corporation organized and existing under the laws of the State of California with its principal place of business at 3525 W. Carson St., Ste 151 in Torrance, CA 90503.

6. Plaintiff is informed and believes and thereon alleges that Defendant EMORY PARK, INC. ("EMORY") is a corporation organized and existing under the laws of the State of California with its principal place of business at 1169 Crocker St., Los Angeles, CA 90021. EMORY is the owner of the Registered Identification Number ("RN") 150025 issued by the U.S. Federal Trade Commission.

7. Plaintiff is informed and believes and thereon alleges that Defendant DOES 1 through 10, inclusive, are manufacturers and/or vendors of garments to Defendants (as specified above) which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments comprised of fabric

printed with Plaintiff's copyrighted designs (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendant DOES 1-10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

8. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## **DEFENDANTS' INFRINGEMENT**

9. Plaintiff is the owner of an original two-dimensional artwork used for textile printing, which Plaintiff has allocated the internal design number CS 1397 ART 2346. This artwork is, and at all relevant times was, owned exclusively by Plaintiff.

10. Plaintiff applied for and received a United States Copyright Registration for CS 1397 ART 2346, under Registration No. VA 2-133-934.

11. Plaintiff is the owner of an original two-dimensional artwork used for textile printing, which Plaintiff has allocated the internal design number, DC-46303.

12. DC-46303 is a derivative work of CS 1397 ART 2346 which Plaintiff created by using the floral elements founds in CS 1397 ART 2346 and changing the color scheme of CS 1397 ART 2346.

13. The images below show how CS 1397 ART 2346 was altered to create

DC-46303:

| CS 1397 ART 2346 | Extracted Elements | DC-46303 |
|---|---|---|
| |  |  |

14. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing CS 1397 ART 2346 and DC-46303 (collectively the "Subject Designs") to numerous parties in the fashion and apparel industries.

15. Following this distribution of product bearing Subject Designs, Plaintiff learned that EMORY, TENSHOPPE, and certain DOE defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric featuring unauthorized reproductions of Subject Designs or designs which are substantially similar to Subject Designs (hereinafter "Offending Garments"), including but not limited to products sold by TENSHOPPE, bearing the label "Tenshoppe," under SKUs 3491517; 592471D; 981870H, and RN 150025, indicating it was manufactured by or otherwise distributed by EMORY.

16. Comparisons of the Subject Designs and Offending Garments are represented below:



/ / /

- 5 -

COMPLAINT

| SUBJECT DESIGNS | OFFENDING GARMENT |
|---|---|
| Detail | Detail |



COMPLAINT

**FIRST CLAIM FOR RELIEF**

(For Copyright Infringement – Against All Defendants, and Each)

17. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

18. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Subject Designs including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Designs by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) garments manufactured and sold to the public bearing fabric lawfully printed with Subject Designs by Plaintiff for its customers.

19. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed Subject Designs in that said garments were composed of fabric which featured an unauthorized print design(s) that were identical or substantially similar to Subject Designs, or were an illegal modification thereof.

20. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from Subject Designs and by producing, distributing and/or selling garments which infringe Subject Designs through a nationwide network of retail stores, catalogues, and through on-line websites.

21. Due to Defendants' acts of infringement, Plaintiff has suffered

1 | substantial damages to its business in an amount to be established at trial.

2 |     22.    Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

    23.    Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits directly and indirectly attributable to Defendants' infringement of Subject Designs in an amount to be established at trial.

    24.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

    a.    That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for Subject Designs;

    b.    That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

    c.    That a trust be imposed over the revenues derived by Defendants, and each of them, through the sales or distribution of the product at issue;

d. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 505 et seq.;

e. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

f. That Plaintiff be awarded pre-judgment interest as allowed by law;

g. That Plaintiff be awarded the costs of this action; and

h. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

DONIGER / BURROUGHS

Dated: August 21, 2024                By:  */s/ Stephen M Doniger*
                                           Stephen M. Doniger, Esq.
                                           Kelsey M. Schultz, Esq.
                                           DONIGER / BURROUGHS
                                           Attorneys for Plaintiff