# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIGN COLLECTION, INC., <br><br> Plaintiff, <br><br> v. <br><br> LNE, LLC, et al., <br><br> Defendants. | Case No. CV 24-7091 FMO (Ex) <br><br> **ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

On September 30, 2024, the court issued an Order to Show Cause why this case should not be dismissed for lack of prosecution, following plaintiff Design Collection, Inc's failure to file an application requesting entry of default against defendants LNE, LLC and Emory Park, Inc. (collectively "defendants"). (See Dkt. 13, Court's Order of September 30, 2024). The court admonished plaintiff that "[f]ailure to file a timely response to this Order to Show Cause shall result in the action or the above defendant(s) being dismissed for lack of prosecution and for failure to comply with the orders of the court." (Id.) (citing Local Rule 41; Fed. R. Civ. P. 4 & 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962)).

Here, defendant LNE, LLC was served with the summons and complaint on August 24, 2024, by substituted service. (See Dkt. 11, Proof of Service as to LNE, LLC). A copy of the summons and complaint was sent by first-class mail, postage prepaid, to LNE, LLC's designated

agent for service of process on August 30, 2024.  (See id. at 3).  Service was deemed complete on September 9, 2024.  See Cal. Civ. P. Code § 415.20(a).  Accordingly, LNE, LLC's responsive pleading to the complaint was due no later than September 30, 2024.  See Fed. R. Civ. P. 12(a).  As of the filing date of this Order, LNE, LLC has not filed any responsive pleading.  (See, generally, Dkt.).

Defendant Emory Park, Inc. was served with the summons and complaint on August 26, 2024, by substituted service.  (See Dkt. 12, Proof of Service as to Emory Park, Inc.).  A copy of the summons and complaint was sent by first-class mail, postage prepaid, to Emory Park Inc.'s designated agent for service of process on August 28, 2024.  (See id. at 3).  Service was deemed complete on September 7, 2024.  See Cal. Civ. P. Code § 415.20(a).  Accordingly, Emory Park Inc.'s responsive pleading to the complaint was due no later than September 28, 2024.  See Fed. R. Civ. P. 12(a).  As of the filing date of this Order, Emory Park, Inc. has failed to file any responsive pleading.  (See, generally, Dkt.).

A district court may dismiss an action for failure to prosecute or to comply with court orders. Fed. R. Civ. P. 41(b); Link, 370 U.S. at 629-30, 82 S.Ct. at 1388 (authority to dismiss for failure to prosecute necessary to avoid undue delay in disposing of cases and congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss action for failure to comply with any court order).  Dismissal, however, is a severe penalty and should be imposed only after consideration of the relevant factors in favor of and against this extreme remedy.  Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir.1986). These factors include: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik, 963 F.2d at 1260-61); see Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 891 (9th Cir. 2019) ("By its plain text, a Rule 41(b) dismissal . . . requires 'a court order' with which an offending plaintiff failed to comply.").  "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors and [the Ninth Circuit] may review the record

independently to determine if the district court has abused its discretion." Ferdik, 963 F.2d at 1261.

Having considered the Pagtalunan factors, the court is persuaded that this action should be dismissed for failure to comply with a court order and failure to prosecute. Plaintiff was ordered to file a written response to the Order to Show Cause no later than October 7, 2024. (See Dkt. 13, Court's Order of September 30, 2024). As of the filing date of this Order, no response has been filed to the court's Order to Show Cause. (See, generally, Dkt.). Plaintiff's failure to respond, or file a request for entry of default, hinders the court's ability to move this case toward disposition and indicates that plaintiff does not intend to litigate this action. In other words, plaintiff's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [her] to control the pace of the docket rather than the Court." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotation marks omitted). Further, plaintiff was warned that failure to respond to the Court's Order of September 30, 2024, would result in a dismissal of the action for lack of prosecution and failure to comply with a court order. (See Dkt. 13, Court's Order of September 30, 2024); see also Ferdik, 963 F.2d at 1262 ("[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the consideration of alternatives requirement.") (internal quotation marks omitted). Thus, having considered the Pagtalunan factors, the court is persuaded that the instant action should be dismissed for failure to comply with a court order and failure to prosecute.

Based on the foregoing, IT IS ORDERED that judgment be entered dismissing this action, without prejudice, for failure to prosecute and comply with the orders of the court.

Dated this 15th day of October, 2024.

/s/
Fernando M. Olguin
United States District Judge